UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-89-BO

MICHAEL MUSSELWHITE; WHITESHIRE )
FOODS, INC.; and WILMINGTON-17TH )
STREET, INC., )
                                                                )
        Plaintiffs, )
                                                                )
v. )          ORDER
                                                               )
MID-ATLANTIC RESTAURANT )
CORPORATION; CARY KEISLER, INC.; )
and S.C.N.B., INC, )
                                                               )
        Defendants. )

A jury trial in this matter is set to commence on Monday, June 27, 2022, at Elizabeth City, North Carolina. In advance of the trial, the parties have filed motions *in limine*. Defendants have also filed a request for a jury instruction. Although responses to the motions have not been filed, in light of the upcoming trial the Court makes the following rulings on the pending motions.

1. *Motions* in limine.

A ruling *in limine* is preliminary and maybe subject to change as the trial unfolds. *Luce v. United States*, 469 U.S. 38, 41 (1984).

A. Defendants' motion *in limine* on damages.

Defendants Mid-Atlantic Restaurant Corporation (MARC) and Cary Keisler, Inc. (defendants) have moved *in limine* to exclude certain damages-related evidence. Defendants contend that plaintiffs intend to introduce evidence in an attempt to recoup two categories of irrelevant consequential damages. Defendants further contend that even if the evidence is relevant, its probative value is substantially outweighed by the risk that it will prejudice defendants, confuse the issues, mislead the jury, or waste time.

Relevant evidence is that which has "any tendency to make a fact more or less probable than it would be without the evidence . . . and . . . is of consequence in determining the action." Fed. R. Evid. 401(a);(b). "Relevance is typically a low bar to the admissibility of evidence . . .." *Jones v. Ford Motor Co.*, 204 F. App'x 280, 283 (4th Cir. 2006). A "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403.

Plaintiff Musselwhite's W-2 income, derived from operating the Ogden and 17th Street franchises, is not relevant. Musselwhite is not a party to the franchise agreements. Thus, his entitlement to recovery of lost wages would be through a claim as the third-party beneficiary to the franchise agreements plaintiff allege were breached, but plaintiffs have not alleged such a claim. *See, e.g.*, *Hospira Inc. v. Alphagary Corp.*, 194 N.C. App. 695, 702 (2009) (discussing elements of third party intended beneficiary breach of contract claim).

Defendants further contend that plaintiffs intend to introduce evidence of "lost profits" from Flamingo Properties and Flamingo South. Musselwhite's sale of his interest in the Flamingo entities took place after the Ogden and 17th Street franchise agreements were terminated. This Court has already concluded that Musselwhite's sale of his interest in the Flamingo entities to his former business partner Cheshire was voluntary and summary judgment has been entered in defendants' favor on plaintiffs' claim for tortious interference with contract arising out the sale of his interest in the Flamingo entities. Evidence related to any "lost profits" arising from the Flamingo entities is not relevant to the remaining claims and will not be admitted.

Defendants' motion *in limine* on damages is therefore GRANTED.

B. Defendants' motion *in limine* on undisclosed witnesses.

Defendants seek to preclude the testimony of witnesses who were not previously disclosed pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. Parties are required to identify and disclose individuals who are likely to have discoverable evidence as well as those who are witnesses expected to testify at trial. Fed. R. Civ. P. 26. Rule 37 provides that where a party does not comply with the disclosure requirement, a permissible sanction is preclusion of the use of a previously undisclosed witness at trial. Fed. R. Civ. P. 37(c)(1). Where a party seeks to offer evidence previously undisclosed, he may do so if the Court determines that the failure to disclose was substantially justified and the nondisclosure was harmless. *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Factors a court considers in determining whether a Rule 37 sanction is appropriate include whether the party in non-compliance with the rules acted in bad faith, the need for deterrence, and the amount of prejudice caused. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001); *see also S. States*, 318 F.3d at 596 (listing five factors).

The Court cannot from the record at this stage discern any bad faith on the part of plaintiffs. However, as defendants note, plaintiff Musselwhite worked for MARC for a lengthy period and would have known of these witnesses well in advance of their disclosure at the pretrial conference stage. Because these witnesses have been disclosed long after the close of discovery, defendants have not had the opportunity to depose them. Whether this amounts to significant prejudice as defendants suggest need not be decided, because certainly some prejudice has been imposed. Finally, the Court agrees that, as this case has been pending for several years, the fact that plaintiffs disclosed new witnesses on the eve of trial suggests gamesmanship.

3

Accordingly, and absent any response from plaintiffs, the Court grants defendants motion to preclude David Moore, Michelle Moore, June Moore, and Margaret Almond from testifying at trial.

C. Plaintiffs' motion *in limine* to exclude documents not produced in discovery.

Plaintiffs seek to exclude multiple documents which were not produced in discovery but which defendants seek to admit as exhibits at trial. Plaintiffs contend that more than ten months following the close of discovery and in the weeks following the Court's summary judgment ruling defendants provided to plaintiffs more than 100 emails and attachments which were "inadvertently" not disclosed at trial. These documents now form the basis of the majority of defendants' trial exhibits listed in the pretrial order.

Applying the same standard discussed above, the Court determines that plaintiffs' motion should be granted. Again, the record does not reveal a finding of bad faith, but in light of the length of time this case has been pending, that so many documents would be discovered to have been inadvertently not disclosed certainly amounts to surprise to plaintiffs, who now lack the ability to conduct follow-up discovery on the documents. Defendants provided no explanation to plaintiffs for the failure to produce these documents other than inadvertence. As the Court found regarding plaintiffs' late-disclosed witnesses, the timing of the disclosure of these documents suggests gamesmanship.

For these reasons, the Court grants plaintiffs' motion *in limine*.

2. Motion for jury instruction.

Defendants seek the inclusion of a jury instruction on offset damages. The motion is premature and is denied without prejudice at this time.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motions *in limine* [DE 106 & 110] are GRANTED. Plaintiffs' motion *in limine* [DE 112] is also GRANTED. Defendants' motion for a jury instruction [DE 107] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this ∂4 day of June 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5