UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-89-BO

| | |
|---|---|
| MICHAEL MUSSELWHITE; WHITESHIRE FOODS, INC.; and WILMINGTON-17TH STREET, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MID-ATLANTIC RESTAURANT CORPORATION; CARY KEISLER, INC.; and S.C.N.B., INC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> O R D E R |

This matter is before the Court on defendants' renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and, in the alternative, to amend the judgment pursuant to Fed. R. Civ. P. 59(e). Plaintiffs have responded, defendants have replied, and in this posture the motion is ripe for disposition. For the reasons that follow, defendants' motion is denied.

## BACKGROUND

A jury trial commenced in this action on June 27, 2022, at Elizabeth City. At the close of plaintiffs' evidence, defendants moved for a directed verdict. The Court granted in part and denied in part defendants' motion, granting a directed verdict on plaintiffs' claim under the North Carolina Unfair and Deceptive Trade Practices Act. The case proceeded, defendant rested, and the jury returned its verdict on June 28, 2022. The jury found that defendant Mid-Atlantic Restaurant Corporation (MARC) unlawfully breached its contract with plaintiffs and that plaintiffs are entitled to $498,265.00 in damages. [DE 118].

## DISCUSSION

Rule 50(b) provides that, upon a party's renewed motion for judgment as a matter of law after the denial of such a motion during trial, a court may (1) allow judgment on the verdict, (2) order a new trial, or (3) direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). A court may grant a motion for judgment as a matter of law if it finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-moving party. Fed. R. Civ. P. 50(a)(1). "[W]hen a jury has returned its verdict, a court may grant judgment as a matter of law only if, viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Saunders v. Branch Banking And Tr. Co. of VA*, 526 F.3d 142, 147 (4th Cir. 2008) (citing *Figg v. Schroeder*, 312 F.3d 625, 635 (4th Cir. 2002)). A court is not permitted to weigh the evidence or evaluate the credibility of the witnesses when deciding a Rule 50(b) motion. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 196 (4th Cir. 2017). If reasonable minds could reach different verdicts based upon the evidence in the case, the jury's verdict must be affirmed. *Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536, 543 (4th Cir. 2003).

Defendants' Rule 50(b) motion argues that during the trial plaintiffs failed to present substantial evidence that MARC breached the franchise agreements at issue. Specifically, defendants contend that the evidence supports that plaintiffs' restaurants were unsanitary, that plaintiff Musselwhite agreed they were unsanitary, and that MARC's management team believed plaintiffs' restaurants were dirty, supporting MARC's decision to terminate the franchise contracts based upon impairment of Smithfield's Chicken 'N Bar-B-Q's goodwill and for presenting a health

2

and safety hazard. Accordingly, defendants contend that a reasonable jury could not have determined that MARC breached the franchise agreements.

The evidence was not as one-sided, however, as defendants suggest. Plaintiffs' evidence included Musselwhite's track record as an exceptional manager of Smithfield's franchises, his health inspection scores which averaged ninety-eight or ninety-nine percent, and Musselwhite's belief that, based upon subsequent amendments to the franchise agreements which extended their term, he had resolved or corrected any issues identified by Smithfield's. A former employee of Smithfield's also testified that the subject franchises were not unsanitary, and Musselwhite's testimony relied upon by defendants does not support defendants' conclusion that Musselwhite agreed that his franchises were unsanitary. *See* [DE 124 p. 50]. While the agreement termination letters listed numerous violations, the email sent to Musselwhite by defendants just days prior to the termination letters did not reference each of these alleged violations. Finally, plaintiffs' evidence included testimony regarding the inconsistent or arbitrary enforcement of standards as against Smithfield's franchisees, suggesting that impairment of Smithfield's good will was not at issue despite defendants' reliance on it.[1]

In sum, the evidence in this case, when viewed in the light most favorable to plaintiffs and further drawing all inferences in their favor, does not support that a reasonable jury could *only* have concluded that the franchise agreements were not breached.

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). Reconsideration of a judgment is an extraordinary remedy, *Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), and the decision to alter or amend

---

[1] The Court incorporates by reference the citations to the trial record as recounted in plaintiff's opposition brief.

3

a judgment is committed to the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not previously available; or (3) where there is a clear error of law or manifest injustice. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). A party may not use a Rule 59(e) motion to raise arguments which could have been raised prior to entry of judgment or argue a novel legal theory that was previously available. *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation and citation omitted).

Defendants contend, in the alternative, that the jury's damages are contrary to the record and that a clear error resulting in manifest injustice would occur should the Court decline to reduce the damage award to $65,834.00. This amount represents the average monthly lost profits at the two franchises for two months. The parties disagree as to whether the language of the franchise agreements or a subsequent oral amendment should control. The Court, in its discretion, declines to alter or amend the damages award in this posture.

"[I]f a court finds that a jury award is excessive, it is the court's duty to require a remittitur or order a new trial." *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587, 593 (4th Cir. 1996). The established procedure for doing so is pursuant to Rule 59(a) in a motion for a new trial. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 305 (4th Cir. 1998); *Benson v. Thompson Cadillac-Oldsmobile, Inc.*, No. 5:04-CV-237-F(1), 2006 WL 8438575, at *10 (E.D.N.C. July 18, 2006). "[P]ursuant to Rule 59(a), a damages verdict must be set aside if [1] the verdict is against the clear weight of the evidence, or [2] is based upon evidence which is false, or [3] will result in a miscarriage of justice[.]" *Cline*, 144 F.3d at 305 (internal quotations and citation omitted).

4

Defendants have moved under Rule 59(e) to alter or amend the judgment, not Rule 59(a). The Court declines to convert their motion and denies defendants' alternative request to alter or amend the judgment.[2] *See also Hetzel v. Prince William Cty.*, 523 U.S. 208, 211 (1998) ("in accord with the Seventh Amendment's prohibition on the reexamination of facts determined by a jury, a court has no authority, upon a motion for a new trial, 'according to its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment for any other sum than that assessed by the jury.'") (citation omitted); *see also Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195, 2015 U.S. Dist. LEXIS 6092, at *14 (S.D. W. Va. Jan. 20, 2015) ("Allowing the plaintiff the choice between a new trial and a reduced award safeguard's the plaintiff's Seventh Amendment right to a trial by jury.").

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion pursuant to Rule 50(b) and in the alternative pursuant to Rule 59(e) [DE 126] is DENIED.

SO ORDERED, this __7__ day of October 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Defendants' Rule 50(b) motion makes no alternative request for a new trial.